**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NICHOLAS STROEDER,

Plaintiff,

v.

JOAN FABIAN, JEFFREY PETERSON, and ROGER BABURAM,

Defendants.

Civil No. 10-4190 (PAM/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility in Rush City, Minnesota, commenced this action by filing a handwritten pleading entitled "Complaint for Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court previously determined that Plaintiff's IFP application would not be addressed, and this case would not proceed, until after Plaintiff paid an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1). (See Order dated October 14, 2010; [Docket No. 4].) Plaintiff filed an objection to the order that required him to pay an initial partial filing fee, and the District Court Judge upheld that objection, and entered an order excusing Plaintiff from paying the initial partial filing fee. (See Order dated January 19, 2011; [Docket No. 8].) Thereafter, this Court reviewed Plaintiff's then pending motion for leave to file an amended complaint. (Docket No. 5.) The Court determined that Plaintiff's motion to amend could not be granted, because he had not complied with the requirements of Local Rule 15.1. However, the Court pointed out to Plaintiff that he could still file an amended complaint, "once as a matter of course," pursuant Fed. R. Civ. P. 15(a), and Plaintiff was granted leave to do so. (See Order dated January 24, 2011; [Docket No. 9].) Plaintiff was further advised that if he intended to file an amended

complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff is attempting to sue three Defendants who are identified as : (1) "Joan Fabian, Commissioner of Corrections, Central Office," (2) "Roger Baburam, Hearings and Release Officer, Central Office," and (3) "Jeffrey L. Peterson, Executive Hearings and Release Officer, Central Office." (Complaint, p. 5, § 14.)

Plaintiff's "Statement of Claim," repeated verbatim and in its entirety, is as follows:

> "1. Joan Fabin [sic] as the Commissioner of Correction [sic] is resonible [sic] for everything that happens within the Department of Corrections.
>
> 2. Jeffrey Peterson is resible [sic] for denying my appeal for expiration on my sentence which includes my 10 years of conidition [sic] release with 24 months of prison time.
>
> 3. Roger Baburam, when I told him that I was going to excute [sic] my sentence until expiration denied me and gave me 750 days until my next review hearing."

(Id. p. 6, § 15.)

In the "Relief" section of Plaintiff's complaint he requests the following:

> "I would like the court to award me damages and order my expirturion [sic] of my sentence of March 21st, 2017."

(Id., pp. 6-7, § 16.)

---

complaint, he would have to do so by no later than March 1, 2011, and if he did not file a new pleading by that date, his original complaint would be screened pursuant to 28 U.S.C. § 1915A. (Id.) The deadline by which Plaintiff was required to file an amended complaint has now passed, and he has not filed any new pleading in this case. Therefore, Plaintiff's original complaint will now be screened pursuant to § 1915A.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff seems to be attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. See Iqbal, 129 S.Ct. at 1948 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In this case, Plaintiff has failed to plead an actionable § 1983 claim because his complaint does not adequately describe any specific acts or omissions by any of the named Defendants. Plaintiff has pleaded only vague and conclusory assertions against the Defendants; he has not presented a set of specific historical facts showing what Defendants actually did, or failed to do, that has prompted Plaintiff to sue them. For this reason alone, Plaintiff has failed to plead an actionable claim for relief against any of the

named Defendants.

Furthermore, Plaintiff has not identified any federal constitutional basis for his claims against Defendants. Indeed, Plaintiff's "Statement of Claim" does not even mention the Constitution, or any specific constitutional rights. For this additional reason, Plaintiff has clearly failed to plead an actionable § 1983 claim.[2]

Finally, the Court notes that Plaintiff's complaint includes a few oblique references to the expiration of his sentence. Although it is impossible to discern what those references are actually intended to mean, it appears that Plaintiff might be claiming that Defendants are somehow responsible for some allegedly improper extension of his prison sentence. If that is indeed what Plaintiff is claiming, then his current lawsuit is undoubtedly barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. 512 U.S. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Habeas corpus is the exclusive federal remedy for a prisoner who is challenging the validity of his conviction or the length of his confinement. Id. at 481, citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff demands only money damages, he cannot prosecute a civil rights claim that would effectively "call into question the lawfulness of [his] conviction or confinement."

[2] It is possible, (though not at all certain), that Plaintiff might be claiming Defendants wrongly extended his term of imprisonment, without affording him the procedural benefits of due process. However, there is nothing in the complaint which suggests that Plaintiff was not provided due process before his term of imprisonment was extended, (if that did indeed occur). Therefore, Plaintiff clearly has not pleaded an actionable due process claim.

Heck, 512 U.S. at 483. See also, Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

If Plaintiff is claiming that Defendants somehow wrongly extended the term of his imprisonment, then a judgment in Plaintiff's favor would necessarily imply that his imprisonment should be shortened, and his release from prison should be expedited. According to Heck, however, the length of Plaintiff's confinement is a subject that cannot be considered in a federal civil rights action, unless Plaintiff has already established in a proper forum -- presumably a state or federal habeas corpus proceeding -- that his projected release date should be changed.

In short, any civil rights claim that would directly or implicitly challenge the duration of Plaintiff's incarceration would be premature, at best. Plaintiff cannot bring a civil rights claim challenging the legality of any events that caused an extension of his imprisonment, without first demonstrating, in a state or federal habeas corpus action, that his sentence was, in fact, wrongly extended. Because this pre-condition has not been met, Plaintiff cannot seek relief here for any allegedly wrongful extension of his confinement.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of

this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that Plaintiff has failed to plead any actionable claim for relief, the Court will also recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**;

3. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: March 18, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 4, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.