UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Stroeder,                                                                  Civ. No. 10-4190 (PAM/JJK)

                Plaintiff,

v.                                                                                                  **MEMORANDUM AND ORDER**

Joan Fabian, Jeffrey Peterson, and
Roger Baburam,

                Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated March 18, 2010. In the R&R, the Magistrate Judge recommended that the Court dismiss the Complaint with prejudice because Plaintiff failed to comply with an Order to file an amended complaint. Plaintiff filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Plaintiff contends that he did not file an amended complaint, as required by the Magistrate Judge's Order (Docket No. 9), because he "did not have the supplies needed at the time." (Obj. at 1 (Docket No. 11).) He does not explain what supplies he needed, or why he did not request an extension of time in which to file the amended pleading. The Order allowed Plaintiff more than 5 weeks in which to file an amended pleading. During that time,

Plaintiff should have been able to draft such a pleading, or ask the Court for additional time in which to do so. His utter failure to comply with an Order cannot be excused.

Lawsuits are serious matters. They require the time of the Court to evaluate, and the time and money of defendants to respond. Plaintiff has filed no fewer than six separate actions in this Court in the past year. Although the Court is aware of the difficulties presented by Plaintiff's incarceration, Plaintiff chose to bring this lawsuit. He must be held responsible for pursuing his allegations promptly and in accordance with the Court's Orders. He also should be aware that the Court will not continue to look kindly on the filing of multiple actions, most with no discernable legal foundation.

If Plaintiff continues to believe that he has suffered an injury of constitutional magnitude, he may file another lawsuit more clearly elucidating his claims.[1] This lawsuit, however, must be dismissed.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 10) is **ADOPTED**;

2. The Application to Proceed in forma pauperis (Docket No. 2) is **DENIED**;

3. The Motion for Appointment of Counsel (Docket No. 3) is **DENIED**;

4. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

5. Plaintiff is required to pay the unpaid balance of the filing fee, namely the full

---

[1] Any subsequent lawsuit is, however, subject to the limitations of 28 U.S.C. § 1915(g), which provides for immediate dismissal of a prisoner's lawsuit if that prisoner has had three or more lawsuits dismissed as frivolous, malicious, or for failing to state a claim on which relief can be granted.

$350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, April 7, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge